UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------

In re
            MICHAEL T.  ALEXANDER                          12-11270 CLB


                        Debtor                   <u>DECISION & ORDER</u>
----------------------------------------------------
MICHAEL L. WOODS,

                  Plaintiff

      v.                                          AP 12-1055 CLB

MICHAEL T. ALEXANDER,

                  Defendant
----------------------------------------------------


                        Gross, Shuman, Brizdle & Gilfillan, P.C.
                        David H. Elibol, Esq., of counsel
                        465 Main Street, Suite 600
                        Buffalo, New York 14203
                        Attorneys for Plaintiff

                        Gleichenhaus, Marchese & Weishaar, P.C.
                        Charles J. Marchese, Esq., of counsel
                        930 Convention Tower
                        43 Court Street
                        Buffalo, New York 14202
                        Attorneys for Defendant



Bucki, U.S.B.J.

            In this adversary proceeding, the plaintiff seeks a declaration that his claim

is non-dischargeable, in that it represents damages for a willful and malicious injury by

the debtor.   The parties contest the collateral estoppel effect of civil and criminal

proceedings in state court,  and further present contrasting evidence regarding the

debtor's conduct.

            On the evening of February 5, 1995, Michael L. Woods suffered serious

injuries, including a fracture of his eye socket, during an incident that occurred after a

hockey game at Memorial Auditorium in Buffalo, New York.  As a result of that incident,

criminal charges were placed against  Michael T. Alexander, the alleged perpetrator of the attack.  On June 14, 1996, while represented by counsel, Alexander pled guilty to the charge of assault in the third degree under New York Penal Law § 120.00(2).  Meanwhile, Woods commenced a civil action against Alexander and others to recover damages for his personal injuries.  When Alexander defaulted in answering the complaint, Woods moved for a default judgment.  Alexander then appeared to oppose the application and to request that his default be reopened.  Finding an absence of any meritorious defense, the court granted judgment as to liability and scheduled a hearing on damages. Settlement negotiations ensued.  Ultimately, Woods and Alexander stipulated to entry of a judgment in the amount of $226,108.01.  This sum included a principal liability of $150,000, in addition to costs and interest that had accrued through December 4, 2002.

Michael T. Alexander filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 25, 2012.  In schedules filed with his petition, he acknowledged an outstanding liability to Michael L. Woods for $226,108.  Prior to entry of an order of discharge, however, Woods commenced the present action.  In his complaint, Woods seeks a judgment declaring that his claim is not subject to discharge because it arises from a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6). Alexander answers that although he may have acted recklessly, his conduct does not satisfy the statutory standard for non-dischargeability.  Issue having been joined, the court conducted a trial of this dispute on March 28, 2013.  Thereafter, both parties exercised the opportunity to file post-trial briefs with regard to relevant legal issues.

Mr. Woods argues that in prior criminal and civil proceedings, the state court made findings which confirm the willful and malicious character of his opponent's conduct.  Consequently, Woods contends that the debtor is collaterally estopped from denying the non-dischargeability of his claim.  In any event, Woods further asserts that a de novo review of the facts would fully demonstrate a willful and malicious infliction of

injury.  Woods testified that he attended a hockey game with friends on the evening of February 5, 1995, and that Alexander was seated several rows behind him.  As the game was concluding, Alexander attempted to throw a half-full cup of beer onto the ice.  He failed to reach this goal, but instead managed to sprinkle liquid upon fans seated nearby.  One upset fan then approached Alexander to complain.  Being an off-duty police officer, Woods intervened to prevent a fight.  After tempers seemed to calm, the parties proceeded to leave the auditorium.  According to Woods, however, this peace lasted only a few minutes: without further provocation, Alexander assaulted Woods as he and friends were walking peacefully on an exit ramp.

Michael Alexander contends that neither his criminal conviction nor the civil judgment suffice to establish a willful and malicious injury.  He testified that he attended the hockey game with friends but without any intention to fight.  Rather, he claims that while exiting the auditorium, an unknown assailant held him from behind.  In responding to that attack, Alexander then threw punches that may have caused injury to Woods.  Nonetheless, Alexander asserts that he acted without malice and that any injury occurred unintentionally in the context of a melee involving four or five fans.

Discussion

Pursuant to 11 U.S.C. § 727(a), this court duly granted an Order of Discharge to Michael T. Alexander on August 2, 2012.  Section 727(b) of the Bankruptcy Code provides that "[e]xcept as provided in section 523 . . . , a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . ."  In the present instance, Woods contends that his debt is non-dischargeable by reason of 11 U.S.C. § 523(a)(6).  It provides in relevant part that "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt – (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."  Therefore, to be non-dischargeable within the context

of section 523(a)(6), a debt must arise from an injury that is both willful and malicious. In *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), the Supreme court observed that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." For this reason, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.*, at 64.

Oftentimes, claims in bankruptcy will derive from judgments previously rendered in state court. With respect to any such determination, the bankruptcy court must consider the application of claim and issue preclusion. In her opinion in *Taylor v. Sturgell*, 553 U.S. 880 (2008), Justice Ruth Bader Ginsburg summarized these principles:

> "The preclusive effect of a judgment is defined by claim and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."

553 U.S. at 892 (citations deleted).

In 2002, Woods obtained a final judgment that fixed the liability of Alexander. By reason of the doctrine of claim preclusion, this court must recognize that determination of liability. However, dischargeability is a different issue, one whose outcome is not here ordained by any criminal or civil proceedings in state court. Alexander pled guilty to Assault in the Third Degree. New York Penal Law § 120.00(2) provides that this crime occurs when a defendant "recklessly causes physical injury to another person." Recklessness alone does not establish an injury that is willful and malicious. *Lopez v.*

*Bultes (In re Bultes)*, 2009 WL 886884 (Bankr. Conn. 2009).  Meanwhile, in his civil action in state court, Woods asserted four inconsistent causes of action against Alexander.  Although the third cause of action alleged that Alexander acted maliciously and "with the intent to cause serious bodily injury," the first cause of action asserted that "Alexander intentionally attacked Plaintiff, but in so doing did not intend to cause serious bodily injury to Plaintiff, or the specific injury sustained by Plaintiff."  Because the state judge merely granted judgment without choosing among inconsistent causes of action, her decision avoided a resolution of the central issue in the present dispute, namely whether Alexander caused a willful and malicious injury.  Consequently, neither the criminal conviction nor the civil judgment establish the intent needed to support a finding of nondischargeability.  Unable to rely upon any claim preclusion as to the issue of willful and malicious intent, we must now review the evidence to determine whether by its preponderance, Woods has satisfied his burden of proof.

Woods and Alexander present contrasting views of the events on February 5, 1995.  The court has carefully considered all of the evidence, including the various exhibits as well as the testimony and demeanor of five witnesses.  Based upon the totality of proof, we find that greater credibility attaches to the version presented by the plaintiff, Michael L. Woods.  Even though the criminal and civil proceedings in state court might not definitively establish any particular level of intent, they nonetheless confirm that the debtor caused serious injury to Mr. Woods.  Alexander further acknowledges that he threw a partially full cup of beer into the direction of other fans at the conclusion of the hockey game.  Woods testified that he reprimanded Alexander after the beer throwing incident.  Having walked away from that confrontation without effecting an arrest, Woods had no reason to initiate further contact.  On the other hand, Alexander might have viewed the confrontation as a reason for more irrational action.  The persuasive testimony of Woods and his spouse confirms the accuracy of their position,

that Alexander initiated the assault on Woods.  In as much as this conduct lacked justification, the court finds that the debtor inflicted a willful and malicious injury.

For the reasons stated herein, the court will award judgment declaring that the debt owed to Michael T. Alexander is nondischargeable under 11 U.S.C. § 523(a)(6).

So ordered.

Dated:    Buffalo, New York                    ____/s/____CARL L. BUCKI_____
          December 6, 2013                     Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.